# EXHIBIT U



Hind Omar <hind.a.omar@gmail.com>

## Hind Omar Accommodations Update

**Hind Omar** <hind.a.omar@gmail.com>  Thu, Mar 30, 2023 at 11:22 AM
To: Brandi Welch <brandiwelch@wayne.edu>
Cc: Cherise Frost <am4242@wayne.edu>

Hi Dean Welch,

I met with Director Frost this morning and she conveyed to me your response to my accommodations request.

I respectfully requested all accommodations, in accordance with my rights afforded by the ADA and relevant Acts listed in my previous justification, as a covered individual per § 35.108(a)(1). My requests were deliberate, individualized, and specific to how I know I can succeed best. § 35.160(b)(2) states "In determining what types of auxiliary aids and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities."

Additionally, § 35.130(7)(i) states "A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."

Since my accommodation request was denied citing fundamental alteration, I am requesting the written statement of that denial and demonstration thereof per § 35.150(a)(3).

For convenience, it states:

> [(§ 35.150(a)) does not—]...(3) Require a public entity to take any action that it can demonstrate would result in a fundamental alteration in the nature of a service, program, or activity or in undue financial and administrative burdens. In those circumstances where personnel of the public entity believe that the proposed action would fundamentally alter the service, program, or activity or would result in undue financial and administrative burdens, a public entity has the burden of proving that compliance with §35.150(a) of this part would result in such alteration or burdens. The decision that compliance would result in such alteration or burdens must be made by the head of a public entity or his or her designee after considering all resources available for use in the funding and operation of the service, program, or activity, and must be accompanied by a written statement of the reasons for reaching that conclusion. If an action would result in such an alteration or such burdens, a public entity shall take any other action that would not result in such an alteration or such burdens but would nevertheless ensure that individuals with disabilities receive the benefits or services provided by the public entity.

Thank you,
Hind

OMAR 0020